Charanjit Singh **RIHAL**, Petitioner,

v.

John **ASHCROFT**, Attorney
General, Respondent.

No. 02–71641.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2003.

Decided Nov. 20, 2003.

Ashwani K. Bhakhri, Esq., Joseph J. Siguenza, Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Norah Ascoli Schwarz, Esq., John C. Cunningham, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, W. FLETCHER, and TALLMAN, Circuit Judges.

MEMORANDUM *

Charanjit Rihal seeks review of the Board of Immigration Appeals' (BIA) summary decision affirming the Immigration Judge's (IJ) denial of his application for asylum and withholding of deportation. We review an adverse credibility determination under a "substantial evidence" standard. *Singh–Kaur v. INS,* 183 F.3d 1147, 1149 (9th Cir.1999). We must affirm the IJ's determination "unless the evidence presented would compel a reasonable fact finder to reach a contrary result." *Id.* at 1149–50; *see also INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

In this case, the IJ's adverse credibility determination is supported by inconsistencies in the petitioner's testimony, including his lack of awareness of crucial events that characterized the movement for Khalistani independence (including the 1992 election boycott), his observance of Sikh customs, his level of activity in the Akali Dal Mann party, and the nature of the 1995 Golden Temple commemorative event. His testimony related to his alleged political activity and arrests was often vague and non-specific. Finally, Rihal's testimony conflicts with State Department reports indicating that Sikhs living outside the Punjab

tend to encounter harassment infrequently.

Because Rihal did not present to the BIA his due process claims that the translation was inadequate and that the IJ badgered him at the hearing, this court lacks jurisdiction to consider them on appeal. *Ochave v. INS,* 254 F.3d 859, 867 (9th Cir.2001).

The IJ's decision is supported by substantial evidence.

**PETITION FOR REVIEW IS DENIED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.